a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| MARCUS DARNELL SMITH #90047-280,<br>Plaintiff | CIVIL DOCKET NO. 1:21-CV-02444<br>SEC P |
| VERSUS | JUDGE DRELL |
| USA,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus (ECF Nos. 1, 5) filed by *pro se* Petitioner Marcus Darnell Smith ("Smith"). Smith is a prisoner in the custody of the Federal Bureau of Prisons ("BOP"), incarcerated at the Federal Correctional Institution in Pollock, Louisiana. Smith challenges the computation of his sentence by the BOP.

Because Smith has received all the credit to which he is entitled, his Petition should be DENIED and DISMISSED WITH PREJUDICE.

I. **Background**

Smith was arrested by Texas authorities on January 19, 2012. On February 16, 2021, he was sentenced to 10 years of imprisonment in Case Number 65458 and Case Number 65734. ECF No. 1-2 at 7. The state court gave Smith credit for all time in custody from the date of arrest. *Id.*

Smith was also indicted on numerous federal charges. On February 17, 2021, Smith was temporarily transferred to federal custody through a writ of habeas corpus ad prosequendum. *United States v. Smith*, 6:12-CR-0057 (W.D. Tx.); ECF No. 6. He pleaded guilty to possession with intent to distribute cocaine, possession of a firearm during the commission of a drug trafficking crime, possession of a firearm by a convicted felon, and possession of a stolen firearm. *Id.*; ECF No. 26. On July 11, 2012, Smith was sentenced to 110 months of imprisonment on counts one, three, and four and 60 months of imprisonment on count two. The 60-month sentence was to be served consecutive to the 110-month sentence. *Id.* Smith was then returned to state authorities.

On May 23, 2013, Smith was sentenced in Texas state court to nine years of imprisonment, with credit of 421 days. ECF No. 1-2 at 7. The state court ordered the nine-year term to run concurrently with the previously imposed state and federal sentences. *Id.* Thus, the nine-year term was absorbed by the prior 10-year sentence. *Id.*

I. <u>Law and Analysis</u>

    A. <u>Smith is not entitled to additional credit on his sentence.</u>

The authority to grant or deny credit for time served is specifically reserved to the United States Attorney General, who has delegated that responsibility to the BOP. *See U.S. v. Wilson*, 503 U.S. 329 (1992). A district court may review a challenge to the BOP's refusal to grant credit or make such a designation in a § 2241 petition. *See Pierce v. Holder*, 614 F.3d 158, 160 (5th Cir. 2010).

When a federal judgment is silent regarding whether sentences are to run concurrently or consecutively, the presumption is that they will run consecutively unless the court specifically orders that they run concurrently. *See* 18 U.S.C. § 3584(a); *U.S. v. Jack*, 566 F. App'x 331, 332 (5th Cir. 2014); *Free v. Miles*, 333 F.3d 550, 553 (5th Cir. 2003). At the time of sentencing, the federal court did not mention the future state sentence. *See* 9:14-cr-80114, S.D. Fla.; ECF No. 354. Therefore, the sentences are presumed to run consecutively.

The order of the state judge directing that the state sentence run concurrently with the previously imposed federal sentence does not affect the BOP's computation. A concurrent designation by the state court regarding a federal sentence is not binding on the BOP. *See Hunter v. Tamez*, 622 F.3d 427, 430 (5th Cir. 2010) (BOP not required to give effect to the state sentencing court's direction that state sentence run concurrently with already-imposed federal sentence); *Leal v. Tombone*, 341 F.3d 427, 429 (5th Cir. 2003); *Bloomgren v. Belaski*, 948 F.2d 688, 690-91 (10th Cir. 1991) (determination by federal authorities that the petitioner's federal sentence would run consecutive to his state sentence is a federal matter which cannot be overridden by a state court provision for concurrent sentencing on a subsequently-obtained state conviction); *Boyce v. Warden*, 2019 WL 3280993 (W.D. La. 2019) (*report and recommendation adopted*, *Boyce v. Warden*, 2019 WL 3281134 at *1 (W.D. La. 2019)).

Moreover, a federal prison sentence generally begins on the date the defendant is received into custody. *See* 18 U.S.C. § 3585(a). Smith was in the primary custody of the State of Texas when he was temporarily transferred to federal authorities

pursuant to a writ of habeas corpus ad prosequendum. *See Causey v. Civiletti*, 621 F.2d 691, 693 (5th Cir. 1980) (a writ of habeas corpus ad prosequendum only constitutes a "loan" of the prisoner to another jurisdiction). Therefore, the BOP determined Smith's sentence commenced on December 28, 2016, when he was transferred from the State of Texas to federal authorities.

A prisoner shall only be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences, if it has not been credited against another sentence. *See* 18 U.S.C. § 3585(b). Because the time spent in primary state custody was credited toward the state sentences, Smith cannot also receive that credit toward his federal sentence.

Based on the documents provided by Smith (ECF No. 1-2), the BOP has given "full and fair consideration" to his request, which is all that the BOP is required to do. *See McCarthy v. Doe*, 146 F.3d 118, 122 (2d Cir. 1998); *see also* Program Statement 5160.05 (stating that, although the BOP must consider an inmate's request for *nunc pro tunc* designation under *Barden v. Keohane*, 921 F.2d 476, 483 (3d Cir. 1990), there is no obligation for the BOP to grant the request).

### III. Conclusion

Because Smith is not entitled to concurrent state and federal sentences and has received all the credit to which he is entitled, IT IS RECOMMENDED that the §2241 Petition (ECF No. 5) be DENIED and DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Rule 72(b) of the Federal Rules of Civil Procedure, parties aggrieved by this Report and Recommendation have 14 calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within 14 days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within 14 days from the date of its service, or within the time frame authorized by Rule 6(b) of the Federal Rules of Civil Procedure, shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

SIGNED on Tuesday, September 28, 2021.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE